REQUESTED BY: Senator Glenn A. Goodrich Nebraska State Legislature State Capitol Lincoln, NE 68509
Dear Senator Goodrich:
You have asked whether Section 1 of L.B. 96 permits reimbursement only for federal aid road projects such as an interstate project, urban extensions thereof, or any interstate segment which has been removed from the interstate system. We assume that because line 16 of L.B. 96 makes reference to `any federal aid project', your question is directed at the possibility of reimbursement for utility relocation on those federal aid projects that are not specifically `road' projects. We are of the opinion that L.B. 96 permits reimbursement only for federal and road projects and that any non-road project would not qualify for such reimbursement.
Our opinion is controlled by what we believe to be the plain meaning of lines 4, 5, and 6 of L.B. 96, which limits reimbursement to `projects undertaken by virtue of the legislative assent given by Section 39-1304.01.'
Neb.Rev.Stat. § 39-1304.01 (Reissue 1978), a statute dealing exclusively with assent to the Federal Aid HighwayAct, provides as follows:
 "The Legislature hereby reaffirms its continuing assent to the federal acts set forth in section 39-1304."
Neb.Rev.Stat. § 39-1304 (Reissue 1978), again a statute dealing exclusively with assent to the Federal Aid Highway Act, provides as follows:
 "The legislative assent required by section 1 of the Act of Congress approved July 11, 1916, Public Law 156, entitled An Act to provide that the United States shall aid the states in the construction of rural post roads, and for other purposes, is hereby given. The Legislature likewise assents to the Congressional Federal Aid Acts, Federal Highway Acts, and Federal Aid Highway Acts approved subsequent to July 11, 1916. In the absence of contrary legislative action regarding the assent hereby given, the Legislature shall be deemed to have given a continuing assent to subsequent acts, rules, and regulations which either amend or supplement the above-mentioned acts or otherwise provide funds for the same or similar purposes."
It would seem beyond question that the plain meaning of the language of L.B. 96 restricting reimbursement to `projects undertaken by virtue of the assent given by Section39-1304.01' is to restrict reimbursement to `road' projects.
We would add parenthetically that we are also of the opinion that the restrictive language of L.B. 96 quoted above limits any prospective applications of reimbursement. Inasmuch as there is presently no project `undertaken by virtue of the legislative assent given by section39-1304.01', and because such assent is no longer required for future road projects (see Attorney General Opinion No. 240, dated April 2, 1982), no present or future projectscan qualify for reimbursement provided for in L.B. 96.
Very truly yours, PAUL L. DOUGLAS Attorney General John E. Brown Assistant Attorney General